## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT BURTON COOK,   Case No: 1:18-cv-319

    Plaintiff,   Barrett, J.
v.   Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff's motion for attorney's fees has been referred to the undersigned for initial review. I now recommend that the motion be GRANTED only in part, with the amount of fees to be reduced to an amount consistent with the express terms of the contingency fee agreement.

**I.  Background**

The above-captioned case arises out of Plaintiff's judicial appeal to challenge the Defendant's denial of his applications for Disability Insurance Benefits ("DIB") under Title II and for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act. In his Statement of Errors, Plaintiff advocated for remand or reversal based upon five asserted errors. (Doc. 11). In lieu of filing a response to Plaintiff's assertions of error, the Commissioner filed a joint motion to remand for further development of the record under sentence four of the Social Security Act. (Docs. 15). This Court granted the joint motion and entered judgment on February 4, 2019. (Doc. 16, 17).

On February 28, 2019, Plaintiff's counsel timely filed a motion seeking attorney's fees as a prevailing party under the Equal Access to Justice Act ("EAJA"). (Doc. 18).

Soon thereafter, the parties again reached agreement and the Commissioner filed a joint motion for an agreed EAJA fee. The Court granted the joint motion and denied Plaintiff's original motion as moot, awarding $3,900.00 to Plaintiff's counsel for his 21.25 hours of work. (Docs. 19, 22)

On May 17, 2019, following remand from this Court, the Social Security Agency determined that Plaintiff was disabled and entitled to both DIB and SSI. On May 30, 2019, Plaintiff's counsel filed a new motion seeking an additional award of attorney's fees in the amount of $19,795.00 under 42 U.S.C. § 406(b), based upon 53.5 hours of work performed at "all levels" including work at the administrative level. (Doc. 20). On June 20, 2019, the Commissioner filed a response in opposition, pointing out that the motion was premature insofar as the Agency had not yet issued a Notice of Award. Substantively, the Commissioner further explained that as a matter of law, this Court may not award Plaintiff's counsel for work performed before the Social Security Administration but is limited to making an award for work performed in federal court. *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994). The Commissioner additionally suggested that "[t]here is a good chance this Court would conclude an award of $19,795 for 21.25 hours of work, or $931.52 per hour, would constitute an impermissible windfall." (Doc. 21 at 3, citing *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816 (S.D. Ohio 2018). Thus, the Commissioner advised that counsel "may wish to split his fee request by requesting part of his fee from this Court and part of his fee from the ALJ for his work performed before the Social Security Administration." (*Id.*)

On July 26, 2019, the presiding district judge denied counsel's § 406(b) motion as premature, without prejudice to renew after a Notice of Award had been issued. (Doc. 23). Citing *Horenstein*, the Court's order included the following cautionary footnote: "The

Court reminds Attorney Stevenson that it can award fees only for work performed on behalf of his client in the Southern District of Ohio." (*Id.* at 2, n.3).

On February 11, 2020, the Agency issued a Notice of Award for Plaintiff. The Agency issued two additional Notices of Awards for Plaintiff's minor child and spouse. On February 18, 2020, counsel timely filed a new motion seeking an additional attorney's fee award.[1] (Doc. 24). The renewed motion once again seeks a total of $19,795.00 as a portion of the combined awards, citing a contingency Fee Agreement. In addition to attaching the Notices of Awards, counsel has attached a copy of the referenced Fee Agreement. On March 10, 2020, the Commissioner filed a response in opposition to counsel's motion, to which counsel has filed no reply.

**II.    Analysis**

Unlike EAJA fee awards that are paid by the Commissioner, fees under the separate provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d at 822 (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In this case, the Commissioner has filed a response in opposition to Plaintiff's motion, despite having no financial incentive to do so, in order to advocate on behalf of the disabled claimant that the fee award sought by counsel violates the express terms of the Fee Agreement, is overly large and would amount to a windfall.

---

[1] Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court within forty-five days of the Notice of Award.

### A.  The Applicable Statutes

In support of an award under 42 U.S.C. §406(b), Plaintiff's counsel argues that he successfully pursued and won for his client large awards of past-due DIB and SSI benefits.  However, an attorney's fee award under 42 U.S.C. § 406(b) "covers only attorneys whose clients bring successful DIB claims under Title II of the Social Security Act." *Pennington v. Com'r of Soc. Sec.,* Case No. 1:17-cv-264, 2019 WL 3228896 (S.D. Ohio July 18, 2019); *see also Napier v. Commissioner*, 190 Fed. Appx. 458, 459-60 (6th Cir.2006).  Nevertheless, a parallel statute applicable to Title XVI of the Social Security Act provides for a virtually identical fee award based upon past due SSI benefits, and the same case law and analysis applies.[2]  *See* 42 U.S.C. §1383(d)(2).  Both §406(d) and §1383(d) cap fees at 25% of any past-due benefits award.  Therefore, counsel's motion is construed under both statutes.

### B.  Determining a Reasonable Fee

In support of his renewed request for a fee of $19,795.00, Plaintiff again seeks compensation for his 53.50 hours of work representing Plaintiff "at all levels" including 21.25 hours of work performed in this Court and 32.25 hours of work performed before the agency.  (Doc. 24 at 2).  But as this Court previously advised Attorney Stevenson, settled and controlling case law (as well as the explicit statutory language) prohibit this Court from awarding fees for <u>any</u> time that counsel may have spent on work at the administrative level.  *See, e.g., Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261; 42 U.S.C. §§ 406(a), 406(b), 1383(d).  Thus, this Court must determine a reasonable fee that limits counsel's compensation to the 21.25 hours of work that he performed in

---

[2] 42 U.S.C. § 1383(d)(2)(A)(iv) expressly incorporates the language of § 406(b)(1)(A).

this Court.

Counsel argues that the requested fee is less than the statutory maximum fee he might have claimed.[3]  Specifically, the 25% statutory cap, based upon the combined total sum of all three past due benefits awards that counsel recovered on behalf of Claimant, his minor child and his spouse, equals $31,887.75.  Counsel's request for $19,795.00 is indeed substantially less than that statutory cap.  However, under the seminal case of *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the "starting point" for determining an attorney's fee under the Social Security Act is not the statutory cap that counsel suggests, but the terms to which the parties contractually agreed. *Id.*, 535 U.S. at 792-93.  Here, the relevant terms of that Agreement state:

> Claimant Robert Burton Cook agrees that he shall pay an attorney fee **equal to $370.00 per hour** (1/4 hour minimum unit) up to a maximum of 25% of the total back due benefit for Claimant **or** any auxiliary beneficiaries at the administrative level if it results in an award of benefits **whichever is less pursuant to 42 U.S.C. § 406(b) as interpreted by the Sixth Circuit**.

(Doc. 24-1 at 24) (emphasis added).  Thus, under the plain language of the Fee Agreement,[4] counsel is limited to a fee that equals the <u>lesser sum of</u> (1) $370 per hour <u>or</u> (2) 25% of the largest one of the three awards made to Claimant or to his auxiliary beneficiaries (here, Plaintiff's spouse and child).

Because controlling Sixth Circuit case law prohibits this Court from making any award for hours spent at the administrative level, the calculation of the first sum specified in the Agreement is straightforward.  Multiplying $370 x 21.25 hours yields a possible

---

[3] *See generally, Culbertson v. Berryhill*, 139 S. Ct. 517 (2019) (holding that only fees awarded by federal courts under §406(b) and not the aggregate of separately awarded fees under both §§ 406(a) and 406(b) count toward the 25% statutory cap).
[4] The undersigned finds the referenced terms to be unambiguous.  However, because the Fee Agreement is presumed to have been drafted by counsel rather than his client, any ambiguous terms would be construed in favor of the Plaintiff.

5

award for work performed in this Court of $7,862.50.

The calculation of the second possible award defined by the Fee Agreement is equally straightforward. Examination of the three Notices of Award reveals that Plaintiff received the largest award. The Social Security Agency automatically calculated and withheld the 25% statutory maximum ($21,155.50) out of that award for the potential payment of any additional attorney's fee by this Court. (Doc. 24-1 at 1-4). Therefore, $21,155.50 constitutes the "maximum of 25% of the total back due benefit [award] for Claimant or any auxiliary beneficiaries" under the Agreement. As noted, counsel's motion seeks a slightly smaller amount of $19,795.00. However, the amount sought by counsel still far exceeds the express terms of the Fee Agreement, which dictate that counsel's fee is set at "whichever [sum] is less" between the defined hourly rate of $370.00 and the calculated 25% fee.

Here, the smaller of the two possible awards authorized by the Fee Agreement is $7,862.50. Although the contractual limitation in the referenced Agreement is unusual since most such agreements mirror the 25% statutory cap,[5] counsel offers no authority to support a fee that *exceeds* the parties' express contractual Agreement. Rather, both policy considerations and case authority strongly suggest that, along with the statutory cap, the terms of the parties' Agreement operate as an upper limit of any fee that can be awarded by this Court. *See, e.g., Ringel*, 295 F.Supp.3d at 841 (discussing factors less commonly considered by courts in determining whether a fee equal to the 25% statutory limit is reasonable, such as "if some other contractual element disfavors an award of the

---

[5] As this Court and many others including the Supreme Court have noted, contingency fee agreements that reflect the maximum statutory fee are standard, with rare exceptions. *See Gisbrecht*, 535 U.S. at 808 n. 15 (acknowledging dissenting view that standard social security fee agreements closely resemble adherence contracts but holding that judicial review together with the statutory cap will ensure reasonableness).

statutory maximum fee"). Thus, counsel may not recover more than $7,862.50 for his 21.25 hours of work in federal court.

Having determined the maximum fee allowable under the Agreement, this Court is required to undertake one final step. *Gisbrecht* and its progeny emphasize this Court's duty to review all contractual fee awards to ensure that they are "reasonable" and avoid unearned windfalls to counsel even where the contracted amount is within the 25% statutory maximum and there is no evidence of any wrongdoing by counsel. The criteria under which this Court reviews such contractual fees are well-established. *See generally Lasley v. Com'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014) (approving Judge Dlott's decision to reduce counsel's fee from $733 per hour to $360 per hour to avoid a windfall); *Ringel*, 295 F. Supp.3d 816 (setting forth five most common criteria for evaluating whether a fee constitutes a windfall).

The first step is to calculate the hypothetical hourly rate sought by counsel. In an elegantly simple test devised twenty years ago, the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). Here, the $19,795.00 fee sought in counsel's motion would be equivalent to a hypothetical hourly rate of $ 931.52, an amount that almost assuredly would be reduced by this Court to avoid a windfall under all relevant criteria. However, there is no need to discuss that rate further since counsel's motion mistakenly includes work performed at the administrative level rather than in this Court, and his suggested fee otherwise contradicts the express terms of his client's Fee Agreement. Instead, having determined that the Agreement limits counsel's recovery to a rate of $370.00 per hour, the undersigned reviews that contracted

7

fee for reasonableness.

Counsel previously claimed $3,900.00 as an EAJA award for the same 21.25 hours of work, which amounts to a "standard rate" of $183.53.  See *Lasley,* 771 F.3d at 310 (approving the use of an EAJA-based rate as the "standard rate[ ] applied to social security fee requests in the Southern District of Ohio."); *Ringel*, 295 F. Supp.3d at 829-830 (discussing majority view that EAJA rate for the same work should be used as an attorney's "standard rate" under *Hayes*).  Doubling counsel's previously established standard rate for his work in this case equals $367.06.  The contracted rate of $370.00 is remarkably close to that "*per se* reasonable" rate.  See *Hayes*, 923 F.2d at 422.  Therefore, the undersigned concludes that counsel's contracted rate is reasonable, and a full award (as contracted) should be made.   Because both an EAJA award and an award under the Social Security Act would amount to a double recovery for the same work, the prior EAJA award should be applied as an offset against the new award under 42 U.S.C. §§ 406(b) and 1383(d).  See *Janovic v. Sec'y*, 868 F.2d 867 n.1 (6th Cir. 1989); *Ringel*, 295 F. Supp.3d at 838.  In sum, the total additional fee to be awarded equals $3,962.50 ($7,862.50 - $3,900.00 = $3,962.50).

### III.     Conclusion and Recommendation

For the reasons stated**, IT IS RECOMMENDED THAT** Plaintiff counsel's motion for an additional fee award (Doc. 24) be construed as arising under both 42 U.S.C. §§406(b) and 1383(d) and be **GRANTED in part**.  Pursuant to the express terms of the Fee Agreement and the authority cited herein, **IT IS RECOMMENDED THAT** Plaintiff's counsel be awarded the additional attorney's fee of $3,962.50, which represents a total award of $7,862.50 for the 21.25 hours of work he performed in this Court less an offset for the EAJA fee award that counsel previously received.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT BURTON COOK,             Case No: 1:18-cv-319

    Plaintiff,                                           Barrett, J.
                                                                  Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).